**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE HARLEY-DAVIDSON AFTERMARKET PARTS MARKETING AND SALES PRACTICES LITIGATION** | **MDL DOCKET NO.** |

**PLAINTIFFS SCOTT KOLLER, JAMES BILLINGS, RITA WEAVER, JACQUELINE ASSISE, ROBERT ASSISE, AND JEROME WAGNER'S MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER OF RELATED ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs Scott Koller, James Billings, Rita Weaver, Jacqueline Assise, Robert Assise, and Jerome Wagner, by and through their undersigned attorneys[1] (collectively, "Harley Plaintiffs"), respectfully submit this Response in Partial Support of coordination pursuant to 28 U.S.C. § 1407. The undersigned plaintiffs respectfully move that all Related Actions be transferred to a common jurisdiction, and that the common jurisdiction be the Northern District of California, where U.S. District Judge Gilliam has the first-filed action and has advanced the proceedings farthest, or in the alternative to the Northern District of Illinois.[2]

As detailed below, compelling logistical and aspirational reasons justify transfer to the Northern District of California, or, in the alternative, the Northern District of Illinois. The Northern District of California is a convenient venue, as is the Northern District of Illinois. Increasingly discovery is location-independent, with documents transmitted and reviewed electronically, and depositions often taken remotely. The increase of remote procedures in litigation have elevated the importance of the location of the courthouse, and the Northern District of California and the

---

[1] Plaintiffs in the following actions submit this omnibus brief in support of transfer to and consolidation in the Northern District of California or, in the alternative, the Northern District of Illinois:
- *Koller v. Harley-Davidson Motor Company Group, LLC,* No. 4:22-cv-4534 (N.D.Ca. filed Aug. 5, 2022)
- *Billings v. Harley-Davidson Motor Company Group, LLC,,* No. 1:22-cv-11747 (D. Mass, filed Oct. 13, 2022)
- *Weaver v. Harley-Davidson Motor Company Group, LLC,* No. 1:22-cv-1142 (N.D.N.Y., filed Nov. 2, 2022)
- *Assise et al v. Harley-Davidson Inc.,* No. 1:22-cv-6068 (N.D. Ill., filed Nov. 3, 2022)
- *Wagner v. Harley-Davidson Motor Company Group, LLC,* No. 2:22-cv-1912 (D. Ariz., filed Nov. 9, 2022)

[2] Alternatively, assignment to the Northern District of Illinois is also compelling. Assignment to the Honorable Virginia M. Kendall in the Northern District of Illinois is compelling given her skill and experience.

Northern District of Illinois both benefit from central hubs with a plethora of direct flights for appearances. Each is also equipped to make good use of remote hearing technology, with the Northern District of California a particular leader in this regard. Further, the Northern District of California has particular institutional experience with large and complex antitrust and consumer rights MDL litigations.

I. **INTRODUCTION AND BACKGROUND**

There are currently six actions pending in six federal judicial district courts (hereinafter, the "Related Actions") throughout the nation against Harley Davidson. All of the cases assert similar claims arising from a common nucleus of operative facts, under one of two theories: either warranty (that Harley Davidson's warranty practices deprived its buyers of the full value of what they purchased) or antitrust (that Harley Davidson's warranty practices constituted an anticompetitive tie with its brand name aftermarket parts).

Defendant is the largest and longest continuous maker of American motorcycles. Its motorcycles are iconic, almost infinitely customizable and inspire an unparalleled devotion from the fan base. However, in order to boost the profits of its aftermarket parts business, Harley forced its owners to use only its own parts, on threat of voiding the warranty. This violated both warranty laws and antitrust laws. The Federal Trade Commission forced Harley to cease the practice, but to date, none of the riders have received compensation either for the reduced value of the bikes, or for the increased price paid for its parts.

II. **ARGUMENT**

    A. **Transfer of the Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407**.

The Panel should transfer and consolidate these cases in a single district because: (1) the Related Actions involve numerous common questions of fact and law; and (2) consolidation will

be for the convenience of the parties and witnesses, and will promote the just and efficient conduct of this litigation. See 28 U.S.C. §1407. The purpose of the multidistrict litigation process is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary." *See In re Folgers Coffee Mktg. & Sales Practices Litig.,* MDL No. 2984, 2021 U.S. Dist. LEXIS 63657, at *2 (J.P.M.L. Apr. 1, 2021) (consolidating five putative class actions alleging defendant engaged in deceptive advertising and marketing practices with respect to labeling of coffee products).

This Honorable Panel has consolidated a host of cases involving product warranties. *See In re Samsung Top-Load Washing Mach. Mktg.,* 278 F.Supp.3d 1376, 1377-1379 (J.P.M.L. 2017) (consolidating actions involving allegedly defective washing machines where shared factual questions included, among other items, Samsung's design, testing, and manufacturing of the washing machines and whether Samsung knew or should have known of the alleged defects); *In re Allura Fiber Cement Siding Prods. Lab. Litig.,* 366 F.Supp.3d 1365, at 1366-1367 (J.P.M.L. 2019) (consolidating actions involving allegedly defective siding where plaintiffs commonly alleged that defendants' fiber cement siding products were defective because they had a propensity to crack, peel, warp, and break off soon after installation and defendants allegedly misrepresented the service life of the products and the cause of the defect). *See also In re Ford Motor Co. DPS6 Powershift Transmission Prods. Lab. Litig.,* 2020 U.S. Dist. LEXIS 184766, at *1-5 (J.P.M.L. Oct. 2, 2020) (alleged engine defect); *In re ZF-TRW Airbag Control Units Prods. Lab. Litig.,* 410 F.Supp.3d 1357, at 1359-1361 (J.P.M.L. Aug. 7, 2019) (alleged airbag defect in automobiles). Likewise, the Panel has consolidated antitrust class actions. *See e.g. In re Dig. Adver. Antitrust Litig.* 555 F. Supp. 3d 1372 (J.P.M.L. Aug. 10, 2021); *In re Packaged Seafood Prods. Antitrust*

*Litig.,* 148 F. Supp. 3d 1375 (J.P.M.L. Dec. 9, 2015); and *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* 24 F. Supp. 3d 1361 (J.P.M.L. Jun. 3, 2014).

Here, each of the actions arise from defendant's sale of bikes and warranties, and its warranty practices thereafter. Each complaint alleges that these practices either violate warranty or competition laws. Thus, these cases will benefit from coordinated or consolidated pretrial proceedings through a multidistrict litigation.

### B. The Northern District of California Is The Most Appropriate Transferee Forum.

The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being considered for consolidation. The decision involves a "balancing test based on the nuances of a particular litigation" that considers several factors. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977).

Here, the Northern District of California is the most appropriate venue because: (1) the first-filed case is before the Northern District of California, where Judge Gilliam has moved it forward expeditiously; (2) it is a convenient forum because of the ease of direct travel for the parties' counsel; (3) it has the resources and the subject matter experience that this litigation will require.

#### 1. The Key Factor for Transfer Should be the Ease of Travel, Which Supports the Northern District of California

In proposed MDLs centered on sales and marketing practices, especially those involving one large national corporation, the Panel has often ruled that the single most important factor in deciding where to send the MDL is the presence of key documents and witnesses. However, as early as *In re Celotex Corp. "technifoam" Prods. Liab. Litig.,* 424 F. Supp. 1077 (JPML 1977); the

Panel has noted that the location of documents can be remedied – then through the installation of document depositories. Today, technology can easily and adequately allow for efficient discovery where physical documents are not geographically nearby. Indeed, after the COVID-19 pandemic and the explosion of remote work and remote depositions, it is increasingly true that witnesses can be expected to be somewhat scattered, and their location need not be at the same place as the district where the claims will be litigated. Courts readily adapted to videoconferencing technology during the pandemic and the infrastructure remains in place. These more recent factors, then, lessen any degree to which sheer proximity to a defendant's location would count in the balancing test this Panel must engage in. Moreover, as California is the state with the most annual motorcycle registrations as of 2021,[3] it is the state with the most probable future plaintiffs and cases that would need to be consolidated. Designating the Northern District of California as the transferee forum would therefore likely ease the burden of travel for a significant number of parties.

### 2. The Honorable Judge Haywood Gilliam Has the Experience to Steer the Related Actions on a Prudent Course.

The Honorable Judge Gilliam is already overseeing one of the related actions, *Koller v. Harley Davidson,* 4:22-cv-4534. The experience and ability of Judge Gilliam is another factor which militates in favor of transferring the pending actions to the United States District Court for the Northern District of California. *See e.g., In re Chinese-Manufactured Drywall Products Liability Litig.*, (MDL No. 2047). The Related Actions are geographically dispersed, making the experience of Judge Gilliam even more appropriate. When constituent actions are geographically dispersed because the litigation is nationwide, the Panel has determined that it is best to focus on the "transferee judge with the time and experience to steer this litigation on a prudent course and sitting in a district with the capacity to handle this litigation." *In re Motor Fuel Temperature Sales*

---

[3] https://www.iihs.org/api/datastoredocument/bibliography/2225

*Practices Litig.*, 493 F.Supp.2d 1365, 1367 (J.P.M.L. 2007). Judge Gilliam and the Northern District of California satisfy these criteria. Judge Gilliam has previously handled several complex class actions, including *In Re: Lenovo Adware Litigation,* No. 3:15-md-2624; and *In Re: Stubhub Refund Litigation,* No. 4:20-md-2951.

Thus, he has the "experience to steer this litigation on a prudent course and [is] sitting in a district with the capacity to handle this litigation." *In re Motor Fuel Temperature Sales Practices Litig.,* 493 F.Supp.2d at 1367.

### a. Alternatively, the Northern District of Illinois Is an Appropriate Transferee Forum.

In the alternative, the Northern District of Illinois is also an appropriate transferee forum and an appropriate venue because: (1) it is centrally located; (2) it is a convenient forum for the other parties and witnesses; and (3) it has the resources and experience that this litigation will require.

The Northern District of Illinois is a well-placed venue for litigation, and a prime alternative if geography is a particular concern, given its central location within the Midwest and the presence of one of the world's largest transportation hubs. It is possible to fly directly to Chicago from almost anywhere in the United States as it is home to two major airports and a train station. Moreover, Chicago is only a couple of hours away from Harley-Davidson's headquarters in Milwaukee if travelling by car; an Amtrak trip between the two cities will take roughly an hour and a half. Thus, Harley will not be prejudiced by this District's geographic location.

In addition, when compared to other potential districts where the other Related Actions are pending, the status of the Northern District of Illinois weighs in its favor in terms of transfer to its docket. The most recent Federal Court Management and Caseload Statistics for the Northern District of Illinois indicate that it is not unduly congested, and that it has the capacity to handle

this litigation. In an MDL matter, "[t]he percentage of cases over three years old is an especially useful basis for comparing the various court dockets." D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* § 6:17 at 210-11 (2008). As of June 30, 2022, the Northern District of Illinois had only 21.7% of its civil cases pending for three years or more. This demonstrates that the Northern District of Illinois' ability to resolve this case in a timely and efficient manner (ranked No. 1 in the Circuit and No. 14 in the United States). Therefore, the Northern District of Illinois is optimally situated, experienced, and uniquely capable of effectively managing a complex litigation like the proposed MDL.

### 3. CONCLUSION

For the reasons set forth herein, the undersigned respectfully request that this Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the Northern District of California for coordinated and consolidated pretrial proceedings before the Honorable Judge Gilliam or, in the alternative, before Judge Kendall in the Northern District of Illinois for coordinated and consolidated pretrial proceedings.

Dated:  December 1, 2022                     Respectfully submitted,

*/s/Carl V. Malmstrom*
Carl V. Malmstrom
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

Thomas H. Burt
Lillian Grinnell
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016

Tel: (212) 545-4600
Fax: (212) 686-0114
burt@whafh.com
grinnell@whafh.com

*Attorney for Plaintiffs Jacqueline Assise and Robert Assise*

Julian C. Diamond
BURSOR & FISHER, P.A.
888 Seventh Ave.
New York, NY 10019
Tel: (925) 300-4455
Fax: (925) 407-2700
jdiamond@bursor.com

*Attorneys for Plaintiffs James Billings, Rita Weaver and Jerome Wagner*

Seth Safier
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (415) 336-6545
Fax: (415) 449-6469
seth@gutridesafier.com

*Attorney for Plaintiff Scott Koller*