BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: HARLEY-DAVIDSON AFTERMARKET PARTS MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION | MDL Docket No. 3064 |

**PLAINTIFF EDWARD HEYMER'S RESPONSE TO PLAINTIFFS SCOTT KOLLER, JAMES BILLINGS, RITA WEAVER, JACQUELINE ASSISE, ROBERT ASSISE AND JEROME WAGNER'S MOTION FOR TRANSFER OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

## INTRODUCTION

Plaintiff Edward Heymer ("Plaintiff Heymer"), in the action captioned *Heymer v. Harley-Davidson Motor Co. Group, LLC*, 5:22-cv-2085 (C.D. Cal.), respectfully submits this response to Plaintiffs Scott Koller, James Billings, Rita Weaver, Jacqueline Assise, Robert Assise and Jerome Wagner's Motion for Transfer ("*Koller* Motion") (ECF No. 1)[1] of Related Actions[2] to the Honorable Haywood S. Gilliam, Jr. in the U.S. District Court for the Northern District of California, or in the alternative, to the Honorable Virginia M. Kendall in the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Plaintiff Heymer agrees that all of the Related Actions are premised on identical factual allegations and should be consolidated and transferred to a single court for pre-trial procedures pursuant to 28 U.S.C. § 1407. The Related Actions involve common questions of fact and law, and centralization would promote just and efficient conduct of the litigations. Plaintiffs in the Related Actions have alleged that Harley-Davidson used its 24-month, standard manufacturer's limited warranty on the sale of new motorcycles to force Harley-Davidson owners to use Harley-Davidson replacement parts and accessories rather than non-Harley-Davidson aftermarket parts and accessories available for its motorcycles, as well as Harley-Davidson authorized dealerships to service their motorcycles. Harley-Davidson's unlawful and unfair business practices caused consumers to pay more for replacement parts and accessories and servicing of motorcycles than

---

[1] All references to "ECF No. __" refer to this docket, MDL No. 3064, unless otherwise indicated.

[2] The Related Actions are as follows: (1) *Koller v. Harley-Davidson Motor Co. Group, LLC*, No. 4:22-cv-4534 (N.D. Cal.) (filed Aug. 5, 2022) ("*Koller*"); (2) *Billings v. Harley-Davidson Motor Co. Group, LLC*, No. 1:22-cv-11747 (D. Mass.) (filed Oct. 13, 2022); (3) *Weaver v. Harley-Davidson Motor Co. Group, LLC*, No. 1:22-cv-1142 (N.D.N.Y.) (filed Nov. 2, 2022); (4) *Assise, et al. v. Harley-Davidson Inc.*, No. 1:22-cv-6068 (N.D. Ill.) (filed Nov. 3, 2022) ("*Assise*"); (5) *Wagner v. Harley-Davidson Motor Co. Group, LLC*, No. 2:22-cv-1912 (D. Ariz.) (filed Nov. 9, 2022); (6) *Perry v. Harley-Davidson Motor Co.*, 0:22-cv-2920 (D. Minn.) (filed Nov. 16, 2022); (7) *Hutley v. Harley-Davidson Motor Co. Group, LLC*, 1:22-cv-902 (W.D.N.Y.) (filed Nov. 21, 2022); and (8) *Heymer v. Harley-Davidson Motor Co. Group, LLC*, 5:22-cv-2085 (C.D. Cal.) (filed Nov. 23, 2022) ("*Heymer*").

they would have paid if Harley-Davidson had not used unlawful warranty terms and practices to prevent customers from choosing replacement parts and servicing from competitors.

Plaintiff Heymer, however, requests that the Related Actions be transferred to the United States District Court for the Central District of California before the Honorable André Birotte Jr., before whom Plaintiff Heymer's case is currently pending. The Central District of California has only five Multidistrict Litigation ("MDL") cases in contrast to the Northern District of California, which currently has seventeen MDL cases. Additionally, Judge Birotte, who has extensive class action and consumer protection experience, is currently presiding over an MDL with similar vehicle warranty violation claims. In the alternative, Plaintiff Heymer does not object to transfer and consolidation to the Honorable Virginia M. Kendall in the Northern District of Illinois.

## ARGUMENT

Pursuant to 28 U.S.C. § 1407, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." In exercising its discretion, the Panel should consider whether the consolidation and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). The Panel retains broad discretion to carry out its assigned functions. As the House Judiciary Committee stated, "[a] number of factors should be weighed in the selection of a transferee district" such as "the state of its docket," but "[t]hese factors do not lend themselves to precise measurement" and therefore "the informed discretion of the judiciary is the best method for resolving questions as to when and where cases should be transferred for pretrial."[3] Here,

---

[3] Coordinating Committee for Multiple Litigation of the U.S. District Courts, H.R. REP. NO. 1130, 90th Cong., 2d Sess. (1968), *reprinted in the U.S. Code Cong. Admin. News* pp. 1898, 1899 (1968). *See also In re Collins*, 233 F.3d 809, 811-12 (3d Cir. 2000).

2

consideration of the relevant factors favors consolidation and transfer of the Related Actions to the Central District of California.

> 1. **The Central District of California is Not Presently Overtaxed by Multidistrict Litigation**

A transferee court with a manageable caseload is more capable of handling complex litigation because it can devote the judicial resources necessary to become familiar with the litigation and knowledgeable about the claims and relevant law. Docket conditions are more favorable for consolidation and transfer of the Related Actions to the Central District of California rather than the Northern District of California.

The Panel has expressly stated if a district court has few or no multidistrict litigations pending that factor favors transfer to that district. *See, e.g.*, *In re Horizon Organic Milk Plus DHA OMEGA-3 Marketing and Sales Practices Litig.*, 844 F. Supp. 2d 1380, 1381 (J.P.M.L. 2012) (MDL centralization in Southern District of Florida because district presiding over fewer MDL dockets than other proposed districts). This ensures that the transferee court is "not overtaxed" with MDL dockets to promote efficient and prompt handling of the action and to effect transfer without unduly disrupting the rights of other litigants who await their actions being considered. *See, e.g., In re Serzone Products Liab. Litig.*, 217 F. Supp. 2d 1372, 1374 (J.P.M.L. 2002); *see also In re Panacryl Sutures Products Liab. Litig.*, 572 F. Supp. 2d 1375, 1376 (J.P.M.L. 2008) (MDL centralization in the Eastern District of North Carolina because "in the past, it has been underutilized as a transferee district.").

As of December 15, 2022, there are seventeen MDLs pending in the Northern District of California, with five of those MDLs transferred in fiscal year 2021.[4] In contrast, the Central

---

[4] *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, United States Judicial Panel on Multidistrict Litigation at 1 (Dec. 15, 2022) CM_ECF for JPML (LIVE)-JPML Litigation Statistics by MDL (uscourts.gov)

District of California has only five MDLs, and only one of those MDLs was transferred in fiscal year 2021.[5] In addition, a transfer motion scheduled to be heard by the Panel at the January 26, 2022 hearing session could lead to even more multidistrict assignments for the Northern District of California.[6] With or without the Harley-Davidson MDL, the Northern District of California is currently overtaxed with other multidistrict dockets. Thus, it is crucial for the Panel to "spread the burden of [MDLs] among districts." *In re Digitek Products Liab. Litig.*, 571 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008) ("[W]ith an increasing number of MDLs, it becomes helpful to spread the burden of them among districts."); *accord, In re Puerto Rican Cabotage Antitrust Litig.*, 571 F. Supp. 2d 1378, 1378 (J.P.M.L. 2008) (finding centralization appropriate in District of Puerto Rico in part because it would "spread[] … the workload of multidistrict cases"). Based on these docket statistics, the Central District of California is well-equipped to be selected as the transferee venue for the Related Actions.

> **2. Judge André Birotte Jr has the Experience Required to Preside Over this Case and is Currently Presiding over an MDL with Claims Similar to this MDL**

The Related Actions assert substantively identical or very similar factual allegations and causes of action arising from Harley-Davidson's sale of motorcycles covered by a 24-month standard warranty, all alleging violations of warranty or antitrust competition laws. *See supra* 1-2. Directly relevant to this case, Judge André Birotte Jr, assigned to the *Heymer* case, is currently presiding over the MDL, *In Re: Ford Motor Co. DPS6 PowerShift Transmission Products Liability*

---

[5] *Id*.

[6] *See* MDL No. 3055 – *In Re: Samsung Customer Data Security Breach Litig.*, United States Judicial Panel on Multidistrict Litigation Notice of Hearing Session (ECF No. 10).

4

*Litig.*, 18-ML-2814, which involves vehicle warranty violations.[7] Moreover, Judge Birotte has presided over more than 400 complex class actions and over 300 consumer protection cases.[8]

The *Koller* Motion's argument (ECF No. 1-1 at 1) that Judge Gilliam, assigned to the *Koller* action in the Northern District of California "has advanced the proceedings farthest"[9] is of no moment as a consolidated complaint will need to be filed if the Related Actions are transferred and consolidated. Accordingly, Judge Birotte, has the requisite experience to effectively and expeditiously preside over this MDL.

### 3. The Central District of California is a Convenient Forum with a Geographic Connection to the Claims

The Panel has broadly interpreted the "convenience of parties and witnesses," which, by its very nature, is a nebulous standard. *See In re Asbestos Prod. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 420 (J.P.M.L. 1991) ("The Panel, however, must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law.") (citing *In re Library Editions of Children's Books,* 297 F. Supp. 385, 386 (J.P.M.L. 1968)).

The Central District of California has a geographic connection to the claims. As discussed in Plaintiff Heymer's complaint, the location where Mr. Heymer purchased his Harley-Davidson motorcycle and Harley-Davidson parts is the largest Harley-Davidson dealership in the United States by sales volume.[10] In addition, Harley-Davidson has been registered to do business

---

[7] Judge Birotte also presided over another MDL, *In Re: The Honest Company Inc. Sodium Lauryl Sulfate SLS Marketing and Sales Practices Litig.*, 16-ML-02719. The MDL was transferred to Judge Birotte in August 2016 and he settled and closed the case by December 2017 – demonstrating that Judge Birotte quickly and efficiently handles complex matters to their resolution.

[8] *See* Exhibit A: excerpt of Litigation Analytics Report for Hon. André Birotte Jr., WESTLAW (last visited Dec. 22, 2022).

[9] Defendant answered the *Koller* complaint on Oct 28, 2022, No. 4:22-cv-4534 (N.D. Cal.), ECF No. 31.

[10] *Heymer* Complaint, No. 5:22-cv-2085 (C.D. Cal.), ECF No. 1 at ¶ 10.

California since 1992, and maintains at least 38 authorized Harley-Davidson dealerships in California, more than any other state.[11]

Plaintiffs in the eight Related Actions reside in six different states with two named plaintiffs located in California. The Central District of California best serves the parties because of its convenient location in Los Angeles and transportation access from any part of the country. Los Angeles International Airport is approximately sixteen miles from the courthouse with daily direct flights to major domestic hubs and destinations.

### 4. In the Alternative, Plaintiff Heymer Does Not Object to Transfer and Consolidation to the Northern District of Illinois

The *Koller* Motion advocates, in the alternative, for the Northern District of Illinois as an appropriate transferee forum and venue (ECF No. 1-1 at 7-8). While the Central District of California is the more suitable forum for the aforementioned reasons, Plaintiff Heymer does not object to transfer and consolidation of the Related Actions to Judge Virginia M. Kendall, presiding over the *Assise* action, in the Northern District of Illinois.

### CONCLUSION

For the foregoing reasons, Plaintiff Heymer respectfully requests that if the Panel determines consolidation of the Related Actions is appropriate, they are transferred to and consolidated in the Central District of California for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 before the Honorable André Birotte Jr. In the alternative, Plaintiff Heymer does not object to transfer and consolidation to the Northern District of Illinois before the Honorable Virginia M. Kendall.

---

[11] *Id.*

Dated: December 27, 2022            Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Alex R. Straus (SBN 321366)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Tel: (917) 471-1894
Fax: (310) 496-3176
astraus@milberg.com

Peggy J. Wedgworth
Elizabeth McKenna
Michael A. Acciavatti*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
Tel: (212) 594-5300
Fax: (212) 868-1229
pwedgworth@milberg.com
emckenna@milberg.com
macciavatti@milberg.com
  **Admitted in Pennsylvania only*

Arthur Stock
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (866) 252-0878
Fax: (865) 522-0049
astock@milberg.com

*Attorneys for Plaintiff Edward Heymer*